FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 SEP 26 PM 5:20
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THE CHARTER OAK FIRE )
INSURANCE COMPANY and )
TRAVELERS PROPERTY CASUALTY )
COMPANY OF AMERICA, )
)
)
Plaintiffs, )
)
v. ) CASE NO. CV413-197
)
DAVID SCOTT and FRANK )
CULLARA, )
)
Defendant. )
)

## O R D E R

Before the Court is Defendant Frank Cullara's Motion to Dismiss for Failure to Join Indispensable Party. (Doc. 10.) For the following reasons, Defendant Cullara's motion is **DENIED**.

The action arises out of an automobile collision involving Defendants Scott and Cullara. (Doc. 1.) At the time of the incident, Defendant Scott was driving a vehicle owned by his employer, Building and Earth Sciences, Inc. ("BES"). (Id. ¶ 12.) BES prohibited the use of its vehicles for personal use and while under the influence of alcohol. (Id. ¶ 15.) Subsequent to the accident, Defendant Scott pled guilty to driving under the influence of alcohol. (Id. ¶ 10.)

Based on the accident, Defendant Cullara filed suit in the State Court of Chatham County, alleging that Defendant Scott was under the influence of alcohol at the time of the accident. (Id. ¶ 20.) The underlying suit asserts claims for negligence and negligence per se, and seeks damages for severe and lasting personal injuries and punitive damages. (Id. ¶¶ 20-21.) Plaintiffs agreed, under a reservation of rights, to provide a defense to Defendant Scott in the underlying suit. (Id. ¶ 23.)

Plaintiffs issued a commercial auto policy to BES that provides coverage for anyone "using with your permission a covered 'auto' you own, hire, or borrow." (Id. ¶¶ 24-25.) In addition, Plaintiffs issued a commercial excess liability ("umbrella") policy to BES covering "[a]nyone using an auto you own, hire or borrow including any person or organization legally responsible for such use provided it is with your permission." (Id. ¶¶ 26-27.) Based on the terms of the two policies, Plaintiffs filed suit in this Court seeking a declaratory judgment that Defendant Scott does not qualify as an insured under the terms of the policy, and that they have no obligation to provide him either a defense in the underlying suit or indemnification. (Id. ¶ 29.) The crux of Plaintiffs' argument appears to be that Defendant is not an insured because his use of the

vehicle at the time of the accident was without permission. (Id.) Plaintiffs reason that Defendant Scott's personal use of the vehicle and alcohol consumption, both in violation of BES policy, render his use unauthorized and not covered under either insurance policy. (Id.)

Defendant Cullara has filed a Motion to Dismiss for Failure to Join an Indispensable Party. (Doc. 10.) In the motion, Defendant Cullara argues that BES is a necessary party to this case. According to Defendant Cullara, "scrutiny and examination of [the] actions/policies of BES are necessary for complete and adequate representation for the currently included parties hereto." (Id., Attach. 1 at 2.) Also, Defendant Cullara contends that "not including BES as a party prejudices Defendant Frank Cullara in that his Counsel does not have the ability to conduct sufficient discovery as to BES based on the contents of Plaintiff's [sic] Complaint." (Id.)

Joinder of entities needed for just adjudication is governed by Federal Rule of Civil Procedure 19. Rule 19 establishes a two-part inquiry to determine whether a party is indispensable. First, a court must determine, pursuant to Rule 19(a), that the entity is a necessary party. Second, if it is determined that the non-joined entity is necessary, but cannot be joined, the Court must then

3

determine whether that entity is indispensable under Rule 19(b). <u>Brackin Tie, Lumber & Chip Co., v. McLarty Farms, Inc.</u>, 95 F.R.D. 328, 330 (S.D. Ga. 1982).

According to Rule 19(a), an entity is a necessary party when it is subject to service of process, joinder of would not deprive the court of jurisdiction over the subject matter of the action, and if:

> in that person's absence, the court cannot accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). In his motion, Defendant Cullara fails to offer any argument that BES's absence precludes the Court from according complete relief among the existing parties. In addition, Defendant Cullara does not contend that BES claims an interest in the subject of this action such that resolution in BES's absence might either prejudice its interest or leave an existing party at risk of incurring multiple or inconsistent obligations. In short, Defendant Cullara has offered no argument establishing BES as a necessary party, obviating any need to determine whether it is indispensable under Rule 19(b).

Because his has provided no valid grounds for relief, Defendant Cullara's motion must be **DENIED**.

SO ORDERED this 26th day of September 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA