IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THE CHARTER OAK FIRE )
INSURANCE COMPANY and )
TRAVELERS PROPERTY CASUALTY )
COMPANY OF AMERICA, )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV413-197
 )
DAVID SCOTT and FRANK )
CULLARA, )
 )
    Defendants. )
_____)

## ORDER

Before the Court is Plaintiffs Charter Oak Fire Insurance Company ("Charter Oak") and Travelers Property Casualty Company of America's ("Travelers") Motion for Summary Judgment. (Doc. 23.) For the following reasons, Plaintiffs' motion is **GRANTED**.[1] The Clerk of Court is **DIRECTED** to close this case.

### INTRODUCTION

This action arises out of an automobile collision involving Defendants Scott and Cullara.[2] (Doc. 1.) At the

---

[1] The Court determined that a hearing in this matter was not required. Accordingly, Defendant Cullara's Motion for Hearing (Doc. 38) is **DENIED**.

[2] For the purposes of ruling on Plaintiffs' Motion for Summary Judgment, the Court construes the facts in the light most favorable to Defendant Cullara. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 577-

time of the incident, Defendant Scott was driving a vehicle owned by his employer, Building and Earth Sciences, Inc. ("BES"). (Doc. 32, Attach. 1 at 1.) According to Defendant Scott, his direct supervisor verbally gave him permission to operate the vehicle to transport some personal furniture, despite BES's prohibition on the personal use of company vehicles. (Id. at 1-2.) Additionally, BES company regulations expressly prohibited the use of its vehicles while under the influence of alcohol. (Doc. 32, Ex. 1 at 2.) Subsequent to the accident, Defendant Scott pled guilty to driving under the influence of alcohol. (Doc. 1 ¶ 10.)

---

78 (1986). However, the Court accepts as true Plaintiffs' factual statements that remain uncontroverted. See S.D.L.R. 56.1 ("All material facts set forth in the statement [of material facts] required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party."). In this case, Defendant Cullara did not take the normal route of responding individually to each of Plaintiffs' factual allegations contained in enumerated paragraphs in their "Statement of Material Facts as to which there is no Genuine Issue of Material to be Tried." (Doc. 23, Attach. 12.) Instead, Defendant Cullara simply relied on the "Statement of Material Facts" section contained as part of his brief in response to Plaintiffs' Motion for Summary Judgment. (Doc. 32 at 1; Doc. 37 at 1-2 (explaining section of brief is response to Plaintiffs' statement and arguing such response permissible under local rules).) Despite this unorthodox and disfavored method, the Court will accept that section of the brief as Defendant Cullara's response to Plaintiffs' statement of material facts, but accepts any facts not specifically controverted as true.

At the time of the incident, BES was insured under a commercial auto policy that provided coverage for anyone "using with your permission a covered 'auto' you own, hire, or borrow . . . ." (Doc. 23, Ex. 1 at 4.) In addition, BES was insured under a commercial excess liability ("umbrella") policy covering "[a]nyone using an 'auto' you own, hire or borrow including any person or organization legally responsible for such use provided it is with your permission . . . ." (Id., Ex. 2 at 6.) Based on the terms of the two policies, Plaintiffs filed suit in this Court seeking a declaratory judgment that Defendant Scott does not qualify as an insured under the terms of either insurance policy, and that they have no obligation to provide him either a defense or indemnification in an underlying suit currently pending in state court.[3] (Doc. 1 ¶ 29.)

---

[3] Defendant Cullara has filed a Motion to Dismiss Plaintiffs' Request for Judgment as to Indemnity. (Doc. 26.) However, the Court exercises its discretion to render a decision on the issue of indemnification. See Edwards v. Sharkey, 747 F.2d 684, 686 (11th Cir. 1984). While Plaintiffs are not yet faced with a duty to indemnify, the resolution of Plaintiffs' duty to defend is so inextricably intertwined with its duty to indemnify such that finding an absence of any duty to defend necessarily settles the issue of indemnification in the negative. Therefore, considerations of practicality and judicial economy warrant the exercise of this Court's discretion to provide a declaratory judgment with respect to both Plaintiffs' duty to defend and duty to indemnify.

In their Motion for Summary Judgment, Plaintiffs argue that the insurance policies do not cover Defendant Scott because his use of the vehicle at the time of the accident was without permission. (Doc. 23, Attach. 1 at 8-9.) Specifically, Plaintiffs reason that Defendant Scott's personal use of the vehicle and alcohol consumption, both in violation of BES company regulations, render his use unauthorized and not covered under either insurance policy. (Id. at 9-14.) In response, Defendant Cullara contends that the issue of whether Defendant Scott had permission to use the vehicle is a question of fact that should be decided by a jury.[4] (Doc. 32, Attach. 1 at 4-6.) In addition, Defendant Cullara maintains that Plaintiffs should be estopped from claiming that Defendant Scott's consumption of alcohol rendered his use of the vehicle unauthorized. (Id. at 7-8.) Finally, Defendant Cullara argues that there is no evidence Defendant Scott "was aware the BES company vehicle policy applied when he was using a BES vehicle for personal use." (Id. at 9.)

---

[4] Defendant Cullara also filed a Motion to Strike Plaintiffs' reply to his response. (Doc. 35.) In the Court's experience, reply briefs generally fail to raise any new issues and are completely unnecessary to the Court's resolution of the original motion. This case is no exception and the Court has not relied in any way on the parties' reply briefs when deciding this case. Because these briefs had no bearing on the Court's analysis in this case, Defendant Cullara's motion is **DISMISSED AS MOOT**.

## ANALYSIS

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56 advisory committee notes). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the

> district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

It is difficult to see how this case demands a different outcome than the Georgia Court of Appeals's

decision in <u>Barfield v. Royal Ins. Co. of Am.</u>, 228 Ga. App. 841, 492 S.E.2d 688 (1997). In <u>Barfield</u>, an employee was driving a company vehicle with permission and within the scope of his employment when he was involved in a serious accident. <u>Id.</u> at 842-42, 492 S.E.2d at 690. The employee was charged and later pled guilty to driving under the influence. <u>Id.</u> at 842, 492 S.E.2d at 690. The Georgia Court of Appeals held that the employee's use of the vehicle was unauthorized and nonpermissive because the employee was informed that "he could not drive the vehicle when he was drinking." <u>Id.</u> at 843, 492 S.E.2d at 691. Therefore, the employee was not an insured under the terms of the employer's insurance policy because the manner in which the employee used the vehicle was not permitted by company regulations. <u>Id.</u>

The facts here are almost identical. Even assuming Defendant Scott received valid permission from his immediate supervisor to use the vehicle, he admittedly operated the vehicle while under the influence of alcohol in direct contravention of BES company regulations. As the court in <u>Barfield</u> explained, it is immaterial whether an employee received permission to use a company vehicle for a specific and personal purpose if the actual manner in which the employee uses the vehicle was prohibited by the

employer. The undisputed facts in this case establish that Defendant Scott was not a permissive user at the time of the accident because he used the vehicle in a manner prohibited by BES. Therefore, this Court concludes that Defendant Scott cannot qualify as an insured under either insurance policy. Accordingly, Plaintiffs' request for summary judgment must be granted.[5]

Defendant Cullara attempts an end run around the clear language of both insurance policies and the BES company regulations, as well as the holding of Barfield, by arguing that a question of fact remains regarding whether Defendant Scott reasonably believed the BES regulation prohibiting drunk driving applied while using the vehicle for personal use. In short, Defendant Cullara contends that the applicability of BES's prohibition of drunk driving in company vehicles is doubtful once BES grants permission for the personal use of the vehicle. This rather dubious argument lacks support from Georgia case law, BES company regulations, the record in this case, and simple common sense.

---

[5] Because the Court concludes that Defendant Scott was not an insured under either insurance policy based on his operation of the vehicle in an unpermitted manner at the time of the accident, it need not decide whether Defendant Scott was authorized to use the company vehicle for personal business.

First, Defendant Cullara's brief in response is bereft of any legal support for his argument that a company's restrictions regarding the use of its vehicles do not apply when that company permits an employee to use a company vehicle for personal business. Second, BES expressly prohibits, without exception, the operation of its company vehicles while intoxicated, a restriction that Defendant Scott was aware of at the time of the accident. (Doc. 32, Attach. 1 at 2.) Also, Defendant Cullara fails to point to any evidence in the record that suggests corporate permission to use a company vehicle for personal use rendered inapplicable the remaining BES company regulations regarding the use of company vehicles.

Finally, simple common sense points to the conclusion that a company regulation prohibiting illegal activity, such as drunk driving, while operating its vehicles is not nullified simply by allowing the personal use of one of its vehicles. No language contained in the BES regulations prohibiting drunk driving limit its application to only times when the vehicle is being used for company business. Furthermore, it is absurd to believe that the corporate regulation restricting the manner in which company vehicles may be used is simply inapplicable where an employee is granted permission to use the vehicle for personal

business. Defendant Cullara would require an employer to give permission to use company vehicles for personal business, while at the same time expressly state the continued applicability of any other restrictions. In this Court's opinion, providing an exception to one company restriction does not operate as a blanket exception to all company restrictions. It is contrary to the most basic common sense to think otherwise.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment (Doc. 23) is **GRANTED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 13th day of March 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA